UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHN MILLER, JR., | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No. 2:13-CV-80-SPM |
| DNJ INTERMODEL SERVICES, LLC., and | ) |
| TERRY NELSON, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This personal injury case arises out of an accident between an eighteen-wheel tractor trailer semi driven by Defendant Terry Nelson ("Nelson") and a vehicle driven by Plaintiff John Miller, Jr. ("Plaintiff"). At the time of the accident, Nelson was acting as the agent or employee of Defendant DNJ Intermodel Services ("DNJ"). Defendants have filed separate Motions to Strike Plaintiff's claim for punitive damages. (Docs. 8 & 14). Defendants' motions are substantively identical, so the court will address them together. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 20).

## LEGAL STANDARD

Although Defendants' motions are framed as "Motion[s] to Strike," Defendants cite in some of their briefing the legal standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court will thus consider Defendants' motions under both the

1

standard applicable to a Rule 12(b)(6) motion to dismiss and the standard applicable to a Rule 12(f) motion to strike.  *Cf. Gilbee v. RJW Transp., Inc.*, Nos. 1:10-CV-0060-SNLJ, 1:10-CV-01020-SNLJ, 2010 WL 4974863, at \*1-\*2 (E.D. Mo. Nov. 24, 2010) (noting uncertainty concerning whether a motion to strike punitive damages was brought under Rule 12(b)(6) or Rule 12(f) and considering both standards).

### a.  Rule 12(b)(6)

A dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal quotation marks omitted).  When ruling on a motion to dismiss, the court must "accept[] as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the nonmoving party."  *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013).

### b.  Rule 12(f)

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The court "enjoy[s] liberal discretion to strike pleadings under Rule 12(f)."  *BJC Health Sys. v. Columbia Cas. Co.*, 478

F.3d 908, 917 (8th Cir. 2007). "[A] prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) (striking a claim for punitive damages against a municipality because such damages were not permitted by law). However, "Striking a party's pleading . . . is an extreme and disfavored measure." *BJC Health Sys.*, 478 F.3d at 917 (citing *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

## DISCUSSION

In their motions, Defendants seek to strike Plaintiff's claim for punitive damages and Paragraph 10 of Plaintiff's complaint ("Defendants' actions were recklessly indifferent to the safety of plaintiff and others on the roadway."). Defendants first argue that Plaintiff's complaint does not contain sufficient facts to support a claim for punitive damages. Under Missouri law, "[p]unitive damages can be awarded in a negligence action." *Litchfield v. May Dep't. Stores Co.*, 845 S.W.2d 596, 599 (Mo. Ct. App. 1992) (citing *Hoover's Dairy, Inc. v. Mid-America Dairymen*, 700 S.W.2d 426, 436 (Mo. banc 1985)). However, to obtain punitive damages, the plaintiff must show that the defendant "'knew or had reason to know that there was a *high degree of probability* that the action would *result in injury*.'" *Alack v. Vic Tanny Int'l. of Mo., Inc.*, 923 S.W.2d 330, 338 (Mo. banc 1996) (quoting *Hoover's Dairy*, 700 S.W.2d at 436). Punitive damages "cannot be collected unless the defendant showed complete indifference to or conscious disregard for the safety of others." *Id.* at 339 (internal quotation marks omitted).

In his complaint, Plaintiff alleges, *inter alia*, that Nelson "was operating an eighteen-wheel tractor trailer semi"; "knew his vehicle was not running properly, was in poor condition, needed repair, or was unsafe to operate and that it posed a danger to the public"; "operated his

3

vehicle at an excessive rate of speed for conditions then existing"; "operated his motor vehicle in a careless and reckless manner"; was "recklessly indifferent to the safety of plaintiff and others on the roadway"; and "caused or allowed the eighteen-wheel tractor trailer semi that he was operating to collide with plaintiff's vehicle." (Doc. 10, at ¶¶ 6, 8-10). The court finds that these allegations, accepted as true, contain "sufficient factual matter" to state a claim for punitive damages that is "plausible on its face," as required under *Iqbal*. In particular, the allegations that Plaintiff operated an eighteen-wheel tractor trailer semi while knowing that it was "unsafe to operate" and "posed a danger to the public" are sufficient to state a plausible claim that Nelson knew that there was a high degree of probability that his actions would result in injury and that he showed conscious disregard for the safety of others.

Defendants' argument that Plaintiff's complaint lacks "supporting evidence" is misplaced, as is Defendant's statement that "Plaintiff's claim for punitive damages is premature at best, as there is no evidence supporting Plaintiff's allegations of punitive behavior." (Doc. 15, at 2). For purposes of a motion to dismiss, the court accepts as true the facts alleged in the complaint; it does not assess whether there is evidence in support of those facts. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 563 n.8 ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support of his allegations or prove his claim to the satisfaction of the factfinder.").

Defendants also argue that the court should strike Plaintiff's claim for punitive damages because an award of punitive damages would violate their procedural and substantive due process rights under the United States and Missouri Constitutions. Defendants cite no cases that support striking or dismissing Plaintiff's claim for punitive damages at this early stage. Instead, the cases Defendants cite involve constitutional challenges to punitive damage amounts awarded

4

by juries. *See, e.g., BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568, 586 (1996) (stating, "Only when an award [of punitive damages] can fairly be categorized as 'grossly excessive' in relation to [the State's legitimate interests in punishment and deterrence] does it enter the zone of arbitrariness that violates the Due Process Clause of the Fourteenth Amendment" and finding that the "grossly excessive award imposed in this case transcends the constitutional limit"). At this stage of the litigation, there has been no award of punitive damages, and therefore these cases are inapposite.

Defendants also argue that any law purporting to permit recovery of punitive damages in this case is unconstitutionally void for vagueness and fails to provide adequate standards to guide juries and reviewing courts. As discussed above, Missouri courts have repeatedly articulated and applied specific standards stating what conduct and state of mind will support recovery of punitive damages in a negligence case. *See, e.g.*, *Alack v. Vic Tanny Int'l. of Mo., Inc.*, 923 S.W.2d 330, 338-39 (Mo. banc 1996); *Litchfield v. May Dep't. Stores Co.*, 845 S.W.2d 596, 599 (Mo. Ct. App. 1992); *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 812-14 (Mo. Ct. App. 2008); *Haynam v. Laclede Elec. Co-op., Inc.*, 889 S.W.2d 148, 150-54 (Mo. Ct. App. 1994). Defendants cite no authority to support their argument that these well-established standards are constitutionally inadequate. Thus, at this point, the court finds no basis under either the United States or the Missouri Constitutions on which to dismiss or strike Plaintiff's claim for punitive damages.

For all of the above reasons, the court finds that Plaintiff has stated a claim for punitive damages and thus that his claim should not be dismissed under Rule 12(b)(6).

The court also finds no reason to strike Plaintiff's claim for punitive damages under Rule 12(f). Defendants do not argue that there is any statutory bar to punitive damages in this case,

and they have failed to demonstrate that there is a constitutional bar to such damages. In addition, for the reasons discussed above, Plaintiff's allegations regarding punitive damages are clearly not redundant, immaterial, impertinent, or scandalous; they are material to the question of whether Plaintiff is entitled to punitive damages for his negligence claim. Thus, the court will not take the disfavored measure of striking Plaintiff's pleadings.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant DNJ Intermodel Services, LLC's Motion to Strike. (Doc. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that the Terry Nelson's Motion to Strike (Doc. 14) is **DENIED**.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of November, 2013.

6